UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALFRED ALVAREZ,

    Plaintiff,

v.                              Case No:

JETBLUE AIRWAYS CORPORATION,

    Defendant.
_____/

**COMPLAINT FOR VIOLATION OF TITLE VII, FLORIDA CIVIL RIGHTS ACT, THE AMERICANS WITH DISABILITIES ACT, AND THE FAMILY AND MEDICAL LEAVE ACT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE AMERICANS WITH DISABILITIES ACTO OF 1990, AND THE FAMILY AND MEDICAL LEAVE ACT**

Plaintiff, ALFRED ALVAREZ, by and through the undersigned attorney, files this Complaint against JETBLUE AIRWAYS CORPORATION, and states as follows:

**PARTIES**

1. Plaintiff, ALFRED ALVAREZ, is a Florida resident living in Palm Beach County, Florida.

2. At all times pertinent to this suit, Plaintiff's employer was JETBLUE AIRWAYS CORPORATION.

3. Busch Jones, at all times pertinent to this suit, was an agent for JETBLUE AIRWAYS CORPORATION.

4. Defendant, JETBLUE AIRWAYS CORPORATION, is a For-Profit Corporation registered in the State of Florida.

5. Defendant, JETBLUE AIRWAYS CORPORATION, has a principal address in the State of New York.

6. At all times pertinent to this suit, Plaintiff worked for Defendant in the Orlando office in Orange County, Florida.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117. This District possesses venue of this matter pursuant to 42 U.S.C. § 2000e-5(f). The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff realleges paragraphs 1 through 7 as if set forth herein.

9. Plaintiff has exhausted all of his administrative remedies.

10. Plaintiff had to retina the undersigned attorneys to represent him and has agreed to pay reasonable attorney's fees and costs.

11. Plaintiff demands trial by jury on all counts so triable.

12. At all times relevant to this suit, Plaintiff's employers were employers subject to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000 (et. seq); the Family Medical Leave Act; and the Americans with Disabilities Act of 1990 (as amended), 42 U.S.C. § 12101.

13. Plaintiff, ALFRED ALVAREZ, was diagnosed as HIV positive since 1996.

14. Plaintiff, ALFRED ALVAREZ, was employed by Defendant, JETBLUE AIRWAYS CORPORATION, since 2000.

15. In or about 2016, Busch Jones became the Plaintiff's direct supervisor at JETBLUE AIRWAYS CORPORATION.

16. Plaintiff, ALFRED ALVAREZ, was at all times pertinent to this suit a salaried employee whom did not have a time clock to physically clock in and out of.

## COUNT I – SEXUAL DISCRIMINATION

17. Plaintiff realleges all statements in paragraphs 1-16 as if restated herein.

18. Defendant, JETBLUE AIRWAYS CORPORATION, has more than 15 employees.

19. Plaintiff is a homosexual male who is married to another male.

20. Plaintiff was treated differently than similarly situated employees who were not homosexual because the Plaintiff was homosexual.

21. Other similarly situated employees of Defendant were allowed to sign into their email and Lync messaging system to show they were available to work even though they were at their home.

22. Plaintiff had to be physically sitting at his desk in order to be available to work according to Defendant.

23. Plaintiff would sign into his email and Lync messaging system in the morning before going to work and make any responses necessary.

24. Plaintiff would regularly work until after 8:00pm because the Plaintiff's work was to support the Defendant's employees in Salt Lake City, Utah which is on Mountain time rather than Eastern Time.

25. Plaintiff was written up by the Defendant for failing to be sitting at his desk at 9:00am, regardless of whether the Plaintiff had already been working that morning or had left his desk for other work-related activities.

26. Plaintiff was terminated from his employment when other similarly situated employees were allowed to begin their work from home.

27. Plaintiff was treated differently from other similarly situated employees because he is a homosexual male.

WHEREFORE, the Plaintiff requests this Court to enter a Judgment against the Defendant for damages, attorney's fees and costs and any other relief the Court deems just.

## COUNT II – WORKPLACE HARASSMENT UNDER TITLE VII

28. Plaintiff realleges all statements in paragraphs 1-16 as if restated herein.

29. Plaintiff is a member of a protected group as a homosexual male.

30. Plaintiff was subjected to unwelcome harassment in the form of changed work requirements for only the Plaintiff.

31. Plaintiff was subjected to the changes in his work requirements because he is a homosexual male.

32. Plaintiff was written up and ultimately terminated from his employment because of the changes to his employment by the harassment that he received.

33. Plaintiff was written up and ultimately terminated due to the Defendant's harassment of the Plaintiff.

WHEREFORE, Plaintiff requests this Court enter a judgment against Defendant for damages, attorney's fees and costs and any other relief the Court deems just.

## COUNT III – DISABILITY DISCRIMINATION

34. Plaintiff realleges all statements in paragraphs 1-16 as if restated herein.

35. Plaintiff was diagnosed with HIV in 1996.

36. HIV (human immunodeficiency virus) is a physical impairment that substantially limits one or more major life activities.

37. HIV infections is an impairment under the ADA. *Bragdon v. Abbott*, 524 U.S. 624, 637 (1998).

38. Plaintiff repeated informed Defendant of his HIV status as well as his worsening health issues.

39. Plaintiff was able to sign into his email and Lync messaging system early in the morning while at home like many other similarly situated employees who did not have a disability.

40. Defendant refused to allow the Plaintiff to work from home, but rather forced Plaintiff to be physically present at his office desk at a specific time to be considered at work.

41. Plaintiff was able to perform its essential functions with or without a reasonable accommodation provided he was treated like all other similarly situated employees.

42. Plaintiff was subjected to multiple negative job actions based upon his disability, including termination.

WHEREFORE, Plaintiff requests this Court to enter a judgement against Defendant for damages, attorney's fees and costs, and any other relief the Court deems just.

### COUNT IV – FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

43. Plaintiff realleges all statements in paragraphs 1-16 as if restated herein.

44. Plaintiff was diagnosed with HIV in 1996.

45. HIV (human immunodeficiency virus) is a physical impairment that substantially limits one or more major life activities.

46. HIV infection is an impairment under the ADA. *Bragdon v. Abbot*, 524 U.S. 624, 637 (1998).

47. Plaintiff repeatedly informed the Defendant of his disability and repeatedly requested an accommodation.

48. Plaintiff could have started his work from his home and arrived at his physical office later in the day.

49. Plaintiff would have continued to work longer than normal business hours as he had already been doing.

50. The requested accommodation would not have caused the Defendant any undue hardship as many other similarly situated employees already completed the same type of accommodation though the similarly situated employees were not disabled.

51. Defendant refused to grant the Plaintiff the reasonable accommodation.

52. Plaintiff was written up and ultimately terminated from his employment.

WHEREFORE, Plaintiff requests the Court to enter a judgement against Defendant for damages, attorney's fees and costs, and any other relief the Court deems just.

## COUNT V – RETALIATION

53. Plaintiff realleges all statements in paragraphs 1-16 as if restated herein.
54. Plaintiff informed Defendant of Plaintiff's need for surgery and six weeks of recovery time.
55. After Plaintiff informed Defendant of the need for time off of work, Defendant began to retaliate against Plaintiff.
56. Defendant changed Plaintiff's work environment after the requested time off causing the Plaintiff to no longer meet certain requirements.
57. Defendant terminated Plaintiff's employment with Defendant immediately prior to Plaintiff's surgery because the Plaintiff had informed Defendant of the needed time off.
58. Defendant retaliated against Plaintiff for taking time off under the Family Medical Leave Act by terminating his employment.

WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant for damages, attorney's fees and costs and any other relief the Court deems just.

## COUNT VI – INTERFERENCE WITH FMLA LEAVE

59. Plaintiff realleges all statement sin paragraphs 1-16 as if restated herein.
60. Plaintiff informed Defendant of Plaintiff's need for surgery and six weeks of recovery time.

61. Plaintiff was entitled to FMLA leave

62. After Plaintiff informed Defendant of the need for time off of work, Defendant began to change Plaintiff's work environment severely.

63. Defendant terminated Plaintiff's employment with Defendant immediately prior to Plaintiff's FMLA leave was to begin.

WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant for damages, attorney's fees and costs and any other relief the Court deems just.

Respectfully Submitted this 31st day of May, 2020.

/s Serena M. Kurtz
Serena M. Kurtz, Esq.
Attorney for Plaintiff
Florida Bar Number: 88683
7217 E Colonial Drive #113
Orlando, FL 32807
Telephone: (407)384-3120
Fax: (407)386-7682
Primary E-Mail: serenakurtz@clintcurtis.com
Secondary Email: law@clintcurtis.com